1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RODERICK HYMON,                         )
                                        )
                  Petitioner,           )         2:09-cv-1124-RLH-LRL
                                        )
vs.                                     )         **ORDER**
                                        )
BRIAN WILLIAMS, *et al.*,               )
                                        )
                  Respondents.          )
_____/

      This is an action on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, brought by petitioner Roderick Hymon, appearing *pro se*.  Before the court is respondents' motion to dismiss the petition, petitioner's response, and respondents' reply.  As discussed below, the motion to dismiss shall be granted.

    **I.**    **Background**

      Petitioner was convicted on December 2, 2002, following a jury trial wherein petitioner represented himself with standby counsel.  Petitioner was convicted on three of five charges: Robbery with the Use of a Deadly Weapon, Larceny from the Person, and Assault with a Deadly Weapon, Counts II, III, and V, respectively.[1]   New counsel was appointed to represent petitioner for purposes of sentencing and direct appeal.  At sentencing, petitioner was adjudged an habitual criminal as to all charges.  He was sentenced to concurrent terms of life with the possibility

_____

[1] Petitioner was found not guilty on charges of Burglary and a second count of Assault with a Deadly Weapon.

1  of parole after ten years on Counts I and III and a single term of life with the possibility of parole

2  after ten years on Count V to run consecutive to Count III.  The Judgment of Conviction was entered

3  on April 15, 2003.

4  　　　　Petitioner appealed raising claims of trial court error as to the habitual criminal

5  enhancement, judicial misconduct, inadequate *Faretta* canvass, and *Anders/Sanchez* arguments.[2]

6  The conviction was affirmed by the Nevada Supreme Court on May 26, 2005.  *See Hymon v. State,*

7  121 Nev. 200, 111 P.3d 1092 (2005).  A petition for rehearing was denied.

8  　　　　On August 19, 2005, petitioner filed a petition for post-conviction relief in the state

9  district court.  The petition was denied and petitioner appealed, raising thirty-four grounds for relief.

10  The Nevada Supreme Court affirmed denial of relief on post-conviction, but did order a hearing on

11  pre-trial detention credits and a new sentencing to properly address the habitual criminal

12  enhancements.   New counsel was appointed for re-sentencing, which was finally conducted on

13  March 12, 2008.  Petitioner was sentenced to three concurrent ten to twenty-five year terms.

14  　　　　In a subsequent state post-conviction petition, petitioner claimed his sentence was

15  invalid "under the constitutional guarantees of due process of law, equal protection of the laws and a

16  reliable sentence due to eneffective [sic] assistance of counsel."  Exhibit 122.[3]  This petition was

17  denied and the denial was upheld on appeal.  The instant petition was dated May 27, 2009,  and was

18  filed with this court on June 29, 2009, after the matter of petitioner's filing fee was resolved.

19  　　　　In his federal petition, petitioner raises some 45 claims for relief.  The petition

20  presents a pattern for most of the claims wherein he relies on a single statement of facts to support

21

22  _____

23  [2] *Feretta v. California*, 422 U.S. 806 (1975); *Anders v. California,* 386 U.S. 738 (1967) and *Sanchez v. State,* 85 Nev. 95, 450 P.2d 793 (1969).

24  [3] The exhibits referenced in this order were submitted by respondents in support of the motion to dismiss and are found in the court's docket at numbers 11-14.  Petitioner has also submitted exhibits

25  in support of his response.  Those exhibits are found at docket #18 and, if referenced, shall be identified as "Petitioner's Exhibit ___."

26

2

1    two or three separate constitutional theories.  For example, his various claims of ineffective

2    assistance of counsel are presented in triplicate one as a Fifth Amendment violation, one as a Sixth

3    Amendment violation, and one as a Fourteenth Amendment violation, e.g.,  grounds one, two, and

4    three each claim "Appellate Attorney on Direct Appeal Michael Schwarz was eneffective [sic] on

5    Direct Appeal Because he Refused to Raise as Requested that David Gruaman a Public Defender

6    was a [sic] Agent of the State and was Eneffective [sic] at Preliminary hearing state of the process."

7    Docket # 3, pp 3-11.   The claims each present additional, identical facts not stated here, and ground

8    1 claims a Fifth Amendment violation, ground 2 claims a Sixth Amendment violation, and ground 3

9    claims a Fourteenth Amendment violation.

10           **II.      Motion to Dismiss**

11           Respondents move to dismiss the petition arguing many of the claims are not

12   cognizable federal claims, that his claims are unexhausted and that some claims are procedurally

13   barred.  Petitioner argues that he has presented federal issues and that he exhausted the claims for

14   relief.  Petitioner does not address the procedural bar argument.

15           A.      Ineffective Assistance of Counsel Claims.

16           Respondents move to dismiss numerous claims arguing that petitioner fails to present

17   cognizable federal claims when he contends that he received  ineffective assistance of counsel

18   guaranteed independently by the Fifth Amendment and Fourteenth Amendment.   On this basis,

19   respondents argue that grounds 1, 3, 4, 6, 7, 9, 10, 12, 13, 15, 16, 18, 19, 21, 22, 24, 25, 27, 28, 30,

20   31, 33, 37, 39, and 40 should all be dismissed because there exists no independent Fifth or

21   Fourteenth Amendment guarantees to the effective assistance of counsel.

22           In *Gideon v. Wainwright*, 372 U.S. 335 (1963), the Supreme Court found that the

23   Sixth Amendment right to counsel is a fundamental right essential to a fair trial and therefore

24   binding on the states by way of the Fourteenth Amendment. *Id.* at 342, 83 S.Ct. at 795, *see also,*

25   *Kansas v. Ventris*  129 S.Ct. 1841, 1844 -1845 (2009) ("The Sixth Amendment, applied to the States

26

through the Fourteenth Amendment, guarantees that '[i]n all criminal prosecutions, the accused shall ... have the Assistance of Counsel for his defence.'").  Thus, the Fourteenth Amendment does not provide an independent guarantee of counsel or the effective assistance of counsel.  Rather, it requires that states grant the Sixth Amendment guarantee of counsel to state court defendants.

Neither is there an independent right to the effective assistance of counsel guaranteed by the Fifth Amendment.  There is a difference between the right to counsel protected by the Fifth Amendment (the right to the advice of counsel during questioning in a criminal investigation - the right not to incriminate oneself) and the Sixth Amendment right to the effective assistance of counsel at all critical stages of a criminal prosecution.  *Patterson v. Illinois,* 487 U.S. 285 297-298 (1988). The core of this right has historically been, and remains today, "the opportunity for a defendant to consult with an attorney and to have him investigate the case and prepare a defense for trial." *Michigan v. Harvey*, 494 U.S. 344, 348 (1990).

Because petitioner presents claims under the Fifth and Fourteenth Amendments which mirror the claims he makes under the Sixth Amendment, the Fifth and Fourteenth Amendment claims are superfluous and present no cognizable federal claim.  Grounds 1, 3, 4, 6, 7, 9, 10, 12, 13, 15, 16, 18, 19, 21, 22, 24, 25, 27, 28, 30, 31, 33, 37, 39, 40, and 42 will be dismissed.  Additionally, the part of grounds 43 and 45 addressing ineffective assistance of counsel during the second sentencing shall be dismissed for the same reasons.

B.   Exhaustion

Respondents further argue that none of the grounds of the petition are exhausted because in state court he did not format his claims as individual constitutional rights violations but rather combined the constitutional bases of multiple guarantees into single claims.  Respondents further argue that certain of the claims are unexhausted because he added new facts to support  the claims before this court, or because he added an additional constitutional or different bases for a claim presented to the state court.

4

1    A federal court will not grant a state prisoner's petition for habeas relief until the

2    prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S.

3    509 (1982); 28 U.S.C. § 2254(b).[4]  State remedies have not been exhausted unless the claim has been

4    fairly presented to the state courts.  *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979).  To fairly

5    present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a

6    claim under the United States Constitution.  *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999),

7    *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66.  The petitioner must make

8    the federal nature of the claim "explicit either by citing federal law or the decisions of the federal

9    courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir.

10   2001).  Additionally, a pro se petitioner may exhaust his claim by citing to State case law which

11   applies the federal standard. *Peterson v. Lampert,* 319 F.3d 1153, 1158 (2003) ("citation to a state

12   case analyzing a federal constitutional issues serves the same purpose as a citation to a federal case

13   analyzing such an issue").

14   The mere similarity of claims of state and federal error is insufficient to establish

15   exhaustion.  *Hiivala*, 195 F.3d at 1106, *citing Duncan*, 513 U.S. at 366; *see also Lyons*, 232 F.3d at

16   668-69; *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000).  "[G]eneral appeals to broad

17   constitutional principles, such as due process, equal protection, and the right to a fair trial, are

18

19      [4] 28 U.S.C. § 2254(b) states, in pertinent part:

20          An application for a writ of habeas corpus on behalf of a person in
            custody pursuant to the judgment of a State court shall not be granted

21          unless it appears that: (A) the applicant has exhausted the remedies
            available in the courts of the State; or (B)(i) there is an absence of

22          available state corrective process; or (ii) circumstances exist that render
            such process ineffective to protect the rights of the applicant.

23                                       * * *

24          (c) An applicant shall not be deemed to have exhausted the remedies
            available in the courts of the State, within the meaning of this section, if

25          he has the right under the law of the State to raise, by any available
            procedure, the question presented.

26

1   insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S.

2   152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987.

3        The fact that the state court does not explicitly rule on the merits of petitioner's

4   claims is irrelevant, because exhaustion requires only that the state court be given the opportunity to

5   consider the claims that have been presented. *Smith v. Digmon*, 434 U.S. 332, 333-334, 98 S.Ct. 257,

6   258 (1978); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985); *accord Carter v. Estelle*, 677

7   F.2d 427 (5th Cir. 1982) and *United States ex rel. Giesler v. Walters*, 510 F.2d 887, 892 (3d Cir.

8   1975).

9        Respondents' argument that petitioner has failed to exhaust the legal bases for all of

10  the claims in his instant petition because he presented his various claims to the state court under

11  combined constitutional headings and in this case he presents the claims under individual

12  constitutional headings is without merit.  So long as the state court had an opportunity to consider the

13  claims on the same constitutional and factual bases, it does not matter that some were combined and

14  some were set out individually, so long as the same facts were relied on to support the same legal

15  claims.

16       Next, respondents argue that petitioner has failed to exhaust the factual bases for his

17  various claims as outlined below.

18       Grounds 1, 2, and 3[5]

19       In ground 2, petitioner argues that his appellate counsel was ineffective for refusing to

20  raise a claim on direct appeal that trial counsel was an "Agent of The State" and was ineffective at

21  the preliminary hearing stage of the process.  Petitioner supports this ground with these facts: (1)

22  counsel declined to request a physical line up for all eyewitnesses, creating a negative conflict

23

24       [5] Respondents' arguments for exhaustion are in the alternative to their argument that various
    claims do not present a viable federal constitutional claim.  Because the court has already stated its
25  intention to dismiss those non-viable claims, they will not be discussed for purposes of the exhaustion
    argument.

26

between counsel and petitioner; (2) counsel must have made negative comments to the magistrate regarding petitioner because the court and bailiff threatened to duct-tape petitioner's mouth when petitioner stated, "I'm not going to let that Public Defender Represent Me;" (3) and because petitioner sought a sixty day delay of the preliminary hearing to retain counsel or prepare for self-representation.

Respondents argue that petitioner has added new facts to this claim of ineffective assistance of counsel including the issue of the resulting conflict between counsel and petitioner and the situation allowed petitioner to lose a defense and the court to find probable cause because Ms. Crisman was able to change her story, eliminating preliminary hearing transcripts which could have been used for impeachment of Crisman. Respondents further note that petitioner never presented to the Nevada Supreme Court his argument under this claim that the trial court allowed an opposition to petitioner's motion to dismiss that did not include points and authorities.

Respondents are correct that part of the cited additional facts are absent from the opening brief on appeal of denial of the post-conviction writ of habeas corpus.  However, petitioner did present his factual assertion that the appellate counsel failed to raise on direct appeal that the district court allowed "the state to file an opposition motion without points and authorities or raising every ground there of [sic] in motion to dismiss...."  These facts are presented in support of petitioner's state claim number 23.  However, claim 23 is an allegation that counsel was ineffective for not raising the issue that the district court misstated the law on larceny from the person during cross examination...."

"Fair presentation" of a prisoner's claim to the state courts means that the legal and factual substance of the claim must be raised there.  The prisoner's allegations and supporting evidence must offer the state courts "a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citing *Picard v. Connor,* 404 U.S. 270,  276-77 (1971)).  Therefore, although a habeas petitioner will be

1    allowed to present " 'bits of evidence' " to a federal court that were not presented to the state court

2    that first considered his claim, evidence that places the claims in a significantly different legal

3    posture must first be presented to the state courts. *Jones v. Hess*, 681 F.2d 688, 694 (10th Cir.1982)

4    (quoting *Nelson v. Moore*, 470 F.2d 1192, 1197 (1st Cir.1972)); *see also Kelley v. Small,* 315 F.3d

5    1063, 1069 (9th Cir. 2003).

6              Petitioner failed to give the state court a fair opportunity to review and remedy the

7    deficiencies presented in this claim.  The facts he asserts in this claim were before the state court, but

8    not in relation to the issue of trial counsel being ineffective during preliminary proceedings.  It is not

9    enough that a petitioner lay out a series of facts and expect the court to divine their significance to

10   any of  the legal claim being reviewed.  If the state court had been made aware of these facts as they

11   relate to the claim of counsel's purported actions as a state agent, it would have reviewed the same

12   claim now before this court.  It did not.  Ground two is unexhausted.

13              <u>Grounds 4, 5, and 6</u>[6]

14              In ground 5, petitioner claims he included a motion for discovery within his motion to

15   dismiss filed with the state court.  He complains appellate counsel refused to raise a claim that the

16   state withheld "material Exculpatory" apparently including an investigation report that victim

17   Crisman's purse, containing five dollars, was taken from a chair, rather than from Crisman's hand

18   with the strap wrapped around her fingers.  Petitioner argues the report prompted the prosecutor to

19   file the Third Amended Information in his criminal prosecution.[7]

20              Respondents argue this last assertion was never presented to the Nevada Supreme

21   Court on appeal from the denial of post-conviction relief, making the claim unexhausted.   The court

22   finds the claim is exhausted.  Petitioner's assertion as to the filing of the Third Amended Information

23

24              [6] Grounds 4 and 6 will be dismissed as not raising a cognizable federal claim.

25              [7]Petitioner was ultimately tried on a Fourth Amended Information which restored the charges
     to those as plead in the Second Amended Information.  *Cf.* Exhibits 18 and 52.
26

does not change to the substance of the claim and the fact of the filing of the Third Amended Information became moot with the filing of the Fourth Amended Information.  Thus, the fact does not does make the state and federal claims significantly different and it does not impact the analysis. Ground five is exhausted.

Grounds 10, 11, and 12[8]

In ground 11, petitioner claims appellate counsel was ineffective for failing to raise the claim that the court improperly denied him corrective lenses or a visit to an eye doctor despite being "legally blind without glasses and that Petitioner can not [sic] see at all out of left eye." Petition, p. 30. Petitioner states the trial court entered an order for him to see an eye doctor, but then the District Attorney had ex parte communications with the court which resulted in a reversal of that order.  Petitioner asserts that he was unable to see exhibits or witnesses' and  jurors' facial expressions.

A review of the opening brief on appeal reveals these facts being presented in support of petitioner's claim that appellate counsel was ineffective for not rasing the claim that the district court misstated the law on larceny from the person..."  Exhibit 109, p. 22.  Thus, the fact of the District Attorney's purported ex parte communications was not offered in support of this particular claim.  As previously stated, it is not the reviewing court's obligation to take the total of the facts argued and divine their importance or applicability to the various legal claims asserted.  Ground 11 of the petition is unexhausted.

Ground 24[9]

Respondents argue that ground 24 is unexhausted because petitioner never presented

---

[8] Grounds 10 and 12 will be dismissed as not rasing a cognizable federal claim.

[9] Grounds 22, 23, and 24 are identical factually, but 22 claims a Fifth Amendment violation based on counsel's performance, 23 claims a Sixth Amendment violation, and 24 claims a Fourteenth Amendment violation.  The court has already determined that 22 and 24 fail to state cognizable federal claims.  Thus this argument is rightfully targeted to ground 23.

the legal theory of a Sixth Amendment violation due to ineffective assistance of appellate counsel for his failure to claim on appeal that petitioner's rights to due process and equal protection were violated because the district judge was biased during the entire proceeding in that he received an ex parte communication which was shared with the district attorney and then required petitioner to wear a taser jacket during the trial without conducting a hearing.

On appeal of denied post-conviction relief, petitioner did not raise the issue of the court's alleged bias in the context of the ineffective assistance of appellate counsel.  Ground 23 is unexhausted.

Grounds 28, 29, and 30[10]

Ground  29 alleges appellate counsel was ineffective for not raising the claim that during cross examination of Crisman the district court misstated the law for larceny from the person. Petitioner further alleges that Crisman's statement impeached her; that the reporting officers all testified that Crisman never reported she had possession of the purse "from the onset," That the jury instruction was broad and did not state "to commit larceny from person, property must be on person from on set [sic]."  Petitioner argues it cannot be harmless error when a bias [sic] judge misstates the law for no reason but to assist the state to convict."

On appeal of denial of his post-conviction petition, petitioner never alleges that all the reporting officers testified that Crisman never reported she had possession of the purse.  He did argue that the jury instruction was erroneous and insufficient, but he was not precise as to its deficiency. The state courts did not receive "a 'fair opportunity' to apply controlling legal principles to the facts bearing upon [petitioner's] constitutional claim."  *Anderson v. Harless*, 459 U.S. at 6(citing  *Picard ,* 404 U.S. at 276-77).  Ground 29 is not exhausted.

Ground 35

In ground 35, petitioner claims a violation of his Sixth Amendment rights.  He asserts

---

[10] Grounds 28 and 30 will be dismissed for failing to raise a cognizable federal claim.

1  that his appellate attorney raised on direct appeal the ground that the *Feretta* canvass was insufficient

2  because the district court did not advise petitioner of the dangers, disadvantages and consequences of

3  self representation, but the Nevada Supreme Court never ruled that petitioner had been so advised in

4  order to waive counsel knowingly, voluntarily, and intelligently as required "by the precedents in all

5  circuits of the federal court system. . . ."

6          Respondents point out that claim 25 of the opening brief on post-conviction appeal

7  raises a Fifth and Fourteenth Amendment due process and equal protection claim with the same

8  supporting facts, but never a Sixth Amendment claim.

9          Petitioner has failed to present his claim to the Nevada Supreme Court with the

10  specific federal constitutional basis as he presents in this claims.  Thus, ground 35 not exhausted.

11  *Koerner v. Grigas,* 328 f.3d 1039, 1046 (9th Cir. 2002); *Johnson v. Zenon,* 88 F.3d 828, 830 (9th Cir.

12  1997).

13          <u>Grounds 43, 44 and 45</u>

14          These grounds for relief allege a violation of petitioner's Fifth, Sixth, and Fourteenth

15  Amendment rights, respectively, during sentencing in 2003 and 2008.  He argues the district court

16  erred in allowing the state to submit prior felony judgments without requesting that the judgments be

17  entered as evidence.  He further alleges that during his second sentencing, counsel was ineffective for

18  allowing the court to adjudge petitioner a habitual criminal "as State did not submitt [sic] prior

19  felony judgment of conviction and prove by prima facia evidence that petitioner should be sentenced

20  as habitual criminal" per NRS 207.016.

21          Respondents argue the claims are not exhausted because petitioner never presented to

22  the Nevada Supreme Court his allegations that appellate counsel was ineffective for failing to raise a

23  claim challenging the failure of the State to submit the prior judgments of conviction as evidence at

24  the first sentencing.  Respondents argument is misplaced.  The court does not find in petitioner's

25  claims 43, 44, and 45 any allegation that appellate counsel was ineffective.  The ineffective

26

11

1   assistance of counsel claim is directed at sentencing counsel.  These claims are not exhausted

2   because nowhere in his appeal brief on post-conviction does petitioner raise the specific sentencing

3   issues he presents here.  Rather, the petitioner argued before the Nevada Supreme Court that

4   appellate counsel was ineffective for not rasing a claim that the State used two felony convictions

5   which were consolidated on the same complaint for habitual criminal (ground 11);  the State use an

6   infirm conviction for habitual criminal - battery by prisoner in a traffic stop (ground 12), and

7   appellant's sentence is invalid under due process and equal protection because the Nevada Supreme

8   Court did not rule on the issue of under which statute petitioner was adjudged a habitual criminal,

9   NRS 207.010 or NRS 207.012 (ground 21).  None of these claims present the same facts as the

10  claims presented in grounds 43, 44, or 45, making the claims unexhausted.

11          C.      Procedural Default

12          The doctrine of procedural default generally prohibits a federal court from considering

13  a specific habeas ground where the state's highest court declined to reach the merits of that claim on

14  procedural grounds.  *See Murray v. Carrier*, 477 U.S. 478 (1986); *Engle v. Isaac*, 456 U.S. 107

15  (1982).  In all cases in which a state prisoner has defaulted his  federal claims in state court pursuant

16  to an independent and adequate state  procedural rule, federal habeas review is barred unless he can

17  demonstrate cause for the default, and actual prejudice, or demonstrate that the failure to  consider

18  the claim will result in a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722,

19  750 (1991).  Before a federal court finds procedural default, it must determine that the state court

20  explicitly invoked a state procedural bar as a separate  basis for its decision.  *Id.* at 729-30;

21  *McKenna v. McDaniel*, 65 F.3d  1483, 1488 (9th Cir.1995), *cert.* denied,  517 U.S. 1150 (1996).

22  The state rule cited must be "clear, consistently applied,  and well-established at the time of the

23  petitioner's purported default."   *Calderon v. United States Dist. Court for the E. Dist. of Cal.*, 96

24  F.3d  1126, 1129 (9th Cir.1996).

25          Respondents next argue that grounds 43, 44, and 45 are procedurally defaulted in that

26

12

1    the Nevada Supreme Court, on appeal from the post-conviction denial, noted as follows:

2            To the extent that appellant raised the underlying claim independent from
             the claim of ineffective assistance of counsel, we conclude that the claim
3            was waived as it could have been raised on appeal from the 2008 judgment
             of conviction, and appellant failed to provide good cause for his failure to
4            do so.  NRS 34.810(1)(b).

5    Exhibit 140 at 3, n.2;

6            Petitioner offers no argument as to the procedural default argument and it fairly

7    appears to this court that the portion of these claims related to due process and equal protection

8    violations separate from the performance of counsel, are in fact, barred by the Nevada Supreme

9    Court's decision.  Thus, that part of the claims shall be dismissed with prejudice.

10           D.      Conclusion

11           Petitioner presents numerous claims which cannot be reviewed by this court because

12   they do not present a cognizable federal claim.  Grounds 1, 3, 4, 6, 7, 9, 10, 12, 13, 15, 16, 18, 19,

13   21, 22, 24, 25, 27, 28, 30, 31, 33, 37, 39, 40, 42, and the part of grounds 43 and 45 which claim

14   independent Fifth and Fourteenth Amendment violations resulting from the ineffective assistance of

15   counsel shall be dismissed with prejudice.

16           Various grounds of the petition are not exhausted as petitioner has not presented the

17   same legal theory supported by the same factual pattern to both this and the state courts.  As a result,

18   the state court has not been given a full and fair opportunity to review and resolve the claims set

19   forth as grounds 2, 11, 23, 29, 35, and the ineffective assistance of counsel claim set forth in ground

20   44.

21           Finally, the court finds that the due process and equal protection claims advanced in

22   grounds 43, 44, and 45, unrelated to the effective assistance of counsel have been procedurally

23   defaulted and that petitioner has made no showing of cause or prejudice to overcome the procedural

24   bar.   Those claims shall be dismissed with prejudice.

25           These various determinations leave petitioner with a mixed petition before the court,

26

13

as it appears that grounds 5, 8 14, 17, 20, 26, 32, 38, and 40 of the petition are exhausted and grounds 2, 11, 23, 29, 35, and parts of 43, 44, and 45 are not.  A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.  *Id.* In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed some limitations upon the discretion of this Court to facilitate habeas petitioners' return to state court to exhaust claims.  The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.  *Cf.*  28 U.S.C.  § 2254(b)(2) ("An  application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Because the petition is mixed, the court will grant the motion to dismiss in part, and deny it in part.  However, in view of *Rhines*, before the court determines how to handle petitioner's mixed petition, the court will grant petitioner an opportunity to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless.

Alternatively, petitioner may advise the court of his desire to abandon the unexhausted claims by filing with the court a sworn declaration of abandonment, signed by the petitioner, himself.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (docket #10) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that grounds 1, 3, 4, 6, 7, 9, 10, 12, 13, 15, 16, 18,

19, 21, 22, 24, 25, 27, 28, 30, 31, 33, 37, 39, 40, and 42 are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the due process and equal protection claims in grounds 43, 44, and 45 and the ineffective assistance of counsel claims in grounds 43 and 45 are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that grounds 2, 11, 23, 29, 35, and the ineffective assistance of counsel claims of grounds 43, 44, and 45 are unexhausted.

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of entry of this Order to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless.

**IT IS FURTHER ORDERED** that alternatively, petitioner may advise the Court of his desire to abandon the unexhausted claims (grounds 2, 11, 23, 29, 35, and the ineffective assistance of counsel claims of ground 44) by filing a sworn declaration of abandonment, signed by the petitioner, himself.  This declaration shall be filed within the thirty days.

Dated this 2nd day of June, 2010.

Roger L. Hunt
UNITED STATES DISTRICT JUDGE

15