UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RODERICK HYMON,

        Petitioner,        2:09-cv-1124-RLH-LRL

vs.        **ORDER**

BRIAN WILLIAMS, *et al.*,

        Respondents.

This is an action on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, brought by petitioner Roderick Hymon, appearing *pro se*. Before the court is respondents' Motion to File Pleading in Excess of Thirty Pages and their Answer to the surviving grounds of the petition. (ECF No. 26.) Petitioner did not file a reply. That motion shall be granted and the Court shall address the petition.

**I.    Background**

Petitioner was convicted on December 2, 2002, following a jury trial wherein petitioner represented himself with standby counsel. Exhibits 54-61.[1] Petitioner was convicted on three of five charges: Robbery with the Use of a Deadly Weapon, Larceny from the Person, and

---

[1] The exhibits referenced in this Order were submitted by respondents in support of their motion to dismiss and are found in the Court's docket at ECF Nos. 11 through 13.

Assault with a Deadly Weapon, Counts II, III, and V, respectively.[2]  Counsel was appointed to represent petitioner for purposes of sentencing and direct appeal.  Exhibit 64.  At sentencing, petitioner was adjudged an habitual criminal as to all counts.  He was sentenced to concurrent terms of life with the possibility of parole after ten years on Counts II and III and a single term of life with the possibility of parole after ten years on Count V to run consecutive to Count III.  Exhibit 67. The Judgment of Conviction was entered on April 15, 2003.  Exhibit 68.

   Petitioner appealed raising claims of trial court error as to the habitual criminal enhancement, judicial misconduct, inadequate *Faretta* canvass, and also presented certain *Anders/Sanchez* arguments.[3]  Exhibit 86.  The conviction was affirmed by the Nevada Supreme Court on May 26, 2005.  Exhibit 96; *See Hymon v. State,* 121 Nev. 200, 111 P.3d 1092 (2005).  A petition for rehearing was denied.  Exhibit 98.

   On August 19, 2005, petitioner filed a petition for post-conviction relief in the state district court. Exhibit 99.  The petition was denied and petitioner appealed, raising thirty-four grounds for relief. Exhibit 103 and 109.  The Nevada Supreme Court affirmed denial of relief on post-conviction, but remanded the matter for a hearing on pre-trial detention credits and a new sentencing to properly address the habitual criminal enhancements. Exhibit 112.  New counsel was appointed for re-sentencing, which was finally conducted on March 12, 2008.  Exhibit 115 and 120. Petitioner was sentenced to three concurrent ten to twenty-five year terms.  Exhibit 120.

   In a subsequent state post-conviction petition, petitioner claimed his sentence was invalid "under the constitutional guarantees of due process of law, equal protection of the laws and a reliable sentence due to eneffective [sic] assistance of counsel."  Exhibit 122. This petition was

---

[2] Exhibits 61.  Petitioner was found not guilty on charges of Burglary and a second count of Assault with a Deadly Weapon.

[3] *Faretta v. California*, 422 U.S. 806 (1975); *Anders v. California,* 386 U.S. 738 (1967) and *Sanchez v. State,* 85 Nev. 95, 450 P.2d 793 (1969).

denied and the denial was upheld on appeal. Exhibits 133 and 140. The instant petition was dated May 27, 2009 and was filed with this Court on June 29, 2009 after the matter of petitioner's filing fee was resolved.

In his federal petition, petitioner raised some 45 claims for relief. The petition presents a pattern of claims wherein for the most part, a group of claims rely on a single statement of facts to support several alleged violations.

As a result of respondents' Motion to Dismiss, Grounds 5, 8, 14, 17, 20, 26, 32, 34, 36, 38, and 41 remain for further consideration.

## II.     Discussion

### A.     Adequacy of Pleading

Respondents contend that certain claims in the petition must be denied because they are conclusory; providing insufficient factual support for the allegations presented. Specifically, Respondents argue that Ground 5 is insufficiently pled because petitioner fails to allege that counsel knew or had reason to know that exculpatory materials existed or had been withheld; that Ground 8 is inadequately pled because, while petitioner argues he suffered double jeopardy in being convicted of larceny from the person which he alleges is a lesser-included charge of robbery, and assault which he alleges is a lesser-included charge of robbery with the use of a deadly weapon, he fails to discuss the various elements of those crimes or how they violate double jeopardy; that Ground 14 is inadequate because petitioner failed to show that the distance in inches or feet between the perpetrator and the victim is an element of the crime of assault with a deadly weapon when claiming the State did not prove all the necessary elements of that crime; that Ground 17 is conclusory because his claim that the court improperly denied a lesser-included instruction on the charge of assault with a deadly weapon does not demonstrate that drawing a deadly weapon in a threatening manner is actually a "lesser-included" of the assault charge; and, finally, that Grounds 34 and 36 are inadequately pled because the petitioner does not specifically identify what dangers, disadvantages

3

1  and consequences that the trial court failed to mention during the *Faretta* canvasses.

2  Conclusory allegations, not supported by a statement of specific facts, do not warrant
3  habeas corpus relief. *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995), *cert. denied*, 517 U.S. 1143
4  (1996). A petitioner must state specific, particularized facts which entitle him or her to habeas
5  corpus relief for each ground specified. These facts must consist of sufficient detail to enable the
6  court to determine, from the face of the petition alone, whether the petition merits further habeas
7  corpus review. *Adams v. Armontrout,* 897 F.2d 332, 334 (8th Cir. 1990).

8  Respondents' argument fails as to Grounds 5, 8, 14, 34 and 36. Those grounds state
9  sufficient facts to allow the court to conclude the claims warrant review. Ground 17, however, is
10  conclusory. Petitioner fails to identify the elements of the two crimes in any way so as to show even
11  the possibility of one being the lesser included of the other. Thus, this Court finds that Ground 17
12  does not warrant further review and it shall be dismissed.

13  B. Legal Standard for Merits Review

14  28 U.S.C. §2254(d), a provision of the Antiterrorism and Effective Death Penalty Act
15  (AEDPA), provides the standards of review that this Court applies to the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

23  28 U.S.C. §2254(d).

24  A state court decision is contrary to clearly established Supreme Court precedent,
25  within the meaning of 28 U.S.C. §2254, "if the state court applies a rule that contradicts the

26

4

governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 1173 (2003) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495 (2000), and *citing Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843 (2002).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. §2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. at 74, 123 S.Ct. at 1174 (*quoting Williams*, 529 U.S. at 413, 120 S.Ct. 1495). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*. (*quoting Williams*, 529 U.S. at 409, 120 S.Ct. 1495).

In determining whether a state court decision is contrary to federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 122 S.Ct. 324 (2001). With respect to pure questions of fact, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1).

B.    Ineffective Assistance of Counsel

The majority of the surviving claims raise allegations of the ineffective assistance of counsel on appeal. Effective assistance of appellate counsel is guaranteed by the Due Process Clause of the Fourteenth Amendment. *Evitts v. Lucey*, 469 U.S. 387, 391-405, 105 S.Ct. 830, 832-841 (1985). Claims of ineffective assistance of appellate counsel are reviewed according to *Strickland's* two-pronged test. *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir.1989)*; United States v. Birtle*, 792

F.2d 846, 847 (9th Cir.1986); *See, also, Penson v. Ohio*, 488 U.S. 75 (1988) (holding that where a defendant has been actually or constructively denied the assistance of appellate counsel altogether, the *Strickland* standard does not apply and prejudice is presumed; the implication is that *Strickland* does apply where counsel is present but ineffective).

Under *Styrickland,* to prove ineffective assistance of counsel, petitioner must prove (1) that his attorney's actions were outside the wide range of professionally competent assistance, and (2) that counsel's action's prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984). Thus, petitioner must show that his appellate counsel's performance was objectively unreasonable in failing to identify and bring claim on appeal and that there was a reasonable probability that, but for counsel's unreasonable failure, petitioner would have prevailed on his appeal. *Smith v. Robbins,* 528 U.S. 259, 285 (2000). The United States Supreme Court has held that effective appellate counsel is not required to raise every non-frivolous claim on appeal. *Jones v. Barnes,* 463 U.S. 745, 751 (1983). Petitioner's claims are discussed below in the context of this framework.

Ground 5

Petitioner claims appellate counsel was ineffective for refusing to raise a claim that the State withheld exculpatory evidence. Petitioner contends that "D.A. Adams" had written an investigation report which contradicted the in-court testimony of the victim (Betty Crisman) as to the location and contents of the purse when it was stolen.

Respondents argue this claim lacks merit because there is nothing to suggest that such a report exists or that appellate counsel was aware of it, based upon transcripts of a hearing addressing one of petitioner's motions for discovery. In that motions hearing, the prosecutor advised that she had made attempts to communicate with petitioner, who was acting as his own counsel at the time, to provide discovery but that he refused to talk with her. This fact was confirmed by petitioner's own stand-by counsel. *See* Exhibit 34. Respondents further contend that petitioner

1  offers nothing to prove that such a document exists, particularly in light of the prosecutor's
2  assurances to the court that she had or would provide all discovery in the case to petitioner.
3        In addressing this claim, the Nevada Supreme Court found that petitioner had failed
4  to show that such a report existed or that it would have been material and exculpatory, noting that the
5  victim had testified that she told the first office she spoke with that she had her finger on the purse
6  strap, and that no one told her to change her testimony. Exhibit 112, p. 18.
7        As respondents point out, the Nevada Supreme Court's factual findings are entitled to
8  a presumption of correctness, a presumption that petitioner has not overcome. 28 U.S.C. §
9  2254(e)(1). Moreover, the Court finds that the Nevada Supreme Court applied the proper federal
10 standard in an objectively reasonable manner. Ground 5 shall be denied.
11       <u>Ground 8</u>
12       In Ground 8, petitioner contends that his appellate counsel was ineffective for failing
13 to raise a appeal claim that larceny from the person is a lesser-included charge to robbery and that
14 assault with a deadly weapon is a lesser included charge to robbery with a deadly weapon. He
15 contends counsel should have claimed petitioner was subjected to double jeopardy on the basis of the
16 charges brought against him.
17       In the instant case, petitioner was convicted of robbery with the use of a deadly
18 weapon, where the state proved, as required by Nevada Revised Statutes (NRS) 200.380 and
19 193.165, that he took personal property from the person or presence of Betty Crisman by means of
20 force or violence or fear of injury to her person or property, or to anyone in her company at the time
21 of the robbery – namely, Stanley Turner or Clyde Estabillo – said force or fear being used to obtain
22 or retain possession of the property and/or prevent or overcome resistance to the taking of the
23 property, or to facilitate escape with the property, using a deadly weapon. *See* Exhibit 52, Fourth
24 Amended Information and Exhibit 68, Judgment of Conviction.
25       Petitioner was also convicted under NRS 200.380 of larceny from the person, which
26

1  requires proof that the perpetrator, intending to steal or appropriate it to his own use, take property
2  from the person of another without that person's consent; and assault with a deadly weapon under
3  NRS 200.471 and 193.165, which is the unlawful attempt to use physical force against another
4  person or intentionally placing another person in reasonable apprehension of immediate bodily harm,
5  while using a deadly weapon.  Exhibit 52.

The Double Jeopardy Clause prohibits successive punishment for the "same offense." *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 769, 114 S.Ct. 1937, 1945 (1994); *United States v. Halper*, 490 U.S. 435, 451, 109 S.Ct. 1892, 1903 (1989).   One offense is different from another if each requires proof of a fact that the other does not.  *Albernaz v. United States,* 450 U.S. 333, 339, 101 S.Ct 1137, 1142 (1981); *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182 (1932).  This test is one of statutory construction. *Albernaz, supra.*, at 340, 101 S.Ct. , at 1143.

In considering the initial part of this claim, the  Nevada Supreme Court held:

> [A]ppellant claims appellate counsel was ineffective for failing to argue that appellant could not be convicted of both larceny from the person and robbery, because the former is a lesser included offense of the latter.  This argument could only have merit if the two convictions were for the same act.  However, appellant's larceny from the person and robbery charges stemmed from two entirely different acts: larceny from the person for taking the victim's [Crisman's] purse from her grasp, and robbery for using the threat of force to retain possession of the purse from persons who were in the victim's company [Estabillo and Turner]when her purse was taken. [fn 39: *See* NRS 200.380(1).] Thus both convictions were proper.

Exhibit 112, p. 18-19, (identifies added).  The conclusion that larceny from the person and robbery were different acts in this case is reasonable in light of the evidence presented at trial.

Respondents next argue that assault with the use of a deadly weapon is not a lesser included charge of robbery with the use of a deadly weapon because the assault charge does not include the element of attempting to retain possession of the stolen property.

The Nevada Supreme Court held:

8

> "[I]f the elements of one offense are entirely included within the elements of a second offense, the first offense is a lesser included offense." of the second offense. [fn 26: *Barton v. State,* 117 Nev. 686, 692, 30 P.3d 1103, 1107 (2001)(citing *Blockburger v. United States,* 284 U.S. 299, 304 (1932).] An instruction on a lesser included offense may properly be refused when "the prosecution has met its burden of proof on the greater offense and there is no evidence at the trial tending to reduce the greater offense" to the lesser offense. [fn 27: *Lisby v. State,* 82 Nev. 183, 188, 414 P.2d 592, 595 (1966) (emphasis in original).] Our review of the record in this case indicates the prosecution had met its burden of proving the elements of robbery with the use of a deadly weapon and assault with a deadly weapon, and the district court therefore properly refused the instruction.

Exhibit 112, p. 12.

While, the Nevada Supreme Court applied the appropriate federal legal standard in discussing the definition of a lesser-included charge and was correct in its assessment of the appropriateness of denying a jury instruction for the lesser included charge if the evidence is sufficient, the court's application of the law is erroneous as to these two charges because it ignores the fact that the elements of assault with the use of a deadly weapon charge are "entirely included within the elements of" the robbery with a deadly weapon charge. As respondents argue, the difference between the two charges is that the robbery charge adds an element - the assault is threatened in an effort to retain the stolen property. Nonetheless, all the elements of the assault charge are present within the robbery charge, making assault with a deadly weapon a lesser-included charge of robbery with a deadly weapon.

Moreover, while the Nevada Supreme Court's determination of the facts may be accurate in finding that there was evidence enough to support the conviction for robbery with the use of a deadly weapon as well as for assault with a deadly weapon, the assault charge is, in fact, a lesser included charge so long as the actions were directed against the same victim in the same act.

The Fourth Amended Information alleges that petitioner committed robbery with the use of a deadly weapon when:

9

1
2
3
4
5
6
7
> [petitioner] did then and there wilfully, unlawfully, and feloniously take personal property, to-wit: purse and contents, from the person of BETTY CRISMAN, or in her presence, against the will and without the consent of the said BETTY CRISMAN, by means of force or violence or fear of injury, immediate or future, to her person or property, or to the person or property of a member of her family, or of anyone in her company at the time of the robbery, to-wit: STANLEY TURNER and/or CLYDE ESTABILLO, said force or fear being used to obtain or retain possession of said property, and/or prevent or overcome resistance to the taking of said property, and/or to facilitate escape with said property, said Defendant using a deadly weapon, to-wit: a knife, during the commission of said crime.

8  Exhibit 52, p. 2.

9  The Fourth Amended Information also charged petitioner with Assault with a Deadly

10 Weapon against Clyde Estabillo as Count IV, and against Stanley Turner as Count V.  The facts

11 supporting the assault charges were as follows:

12
13
14
15
> [that petitioner] did, coupled with the present ability, wilfully, unlawfully, and feloniously attempt to commit a violent injury, with the use of a deadly weapon, upon the person of another, to-wit: Clyde Estabillo, [as to Count IV or Stanley Turner as to Count V], by swinging said knife at the said Clyde Estabillo [as to Count IV or Stanley Turner as to Count V].

16 Exhibit 52, pp. 2-3.

17 Ultimately, petitioner was convicted as to the robbery with the use of a deadly

18 weapon and the assault with a deadly weapon charges as to Mr. Turner.  He was acquitted as to the

19 assault with the use of a deadly weapon as to Mr. Estabillo.  *See* Exhibit 61.

20 In its order on appeal from the post-conviction denial, the Nevada Supreme Court

21 made factual findings that the Robbery charge was different from the Larceny From a Person charge

22 because the threat of force used to retain possession of the purse was actually made against the

23 persons who were in the victim's company when her purse was taken - namely Turner and Estabillo.

24 *See* Exhibit 112, p. 19.  The purported victim of the acts constituting the robbery then, was not Ms.

25 Crisman, but rather Turner or Estabillo.  However, based upon the acquittal as to the assault on

26

1  Estabillo, it must be that the jury concluded he was not the victim of a threat of force.  Therefore,
2  Estabillo could not have been the victim of the robbery.
3         Relying upon the Nevada Supreme Court's analysis of what constitutes a lesser
4  included charge and its factual findings as to the Robbery With a Deadly Weapon verses the Larceny
5  charge, the one possible conclusion is that the Assault with a Deadly Weapon charge had to be a
6  lesser included to the Robbery with a Deadly Weapon because both arose from the same act against
7  the same victim.
8         In charging and convicting petitioner on these two separate charges for the exact same
9  conduct, the prohibition against Double Jeopardy was violated.  Appellate counsel's failure to raise
10 this claim on direct appeal was performance below the objective standard of adequate representation.
11 Petitioner was prejudiced by this inadequate representation because he suffered an additional felony
12 conviction and sentence to which he should not be subject.  Petitioner shall be granted relief as to
13 Ground 8 and the conviction for assault with a deadly weapon shall be overturned and the sentence
14 on the charge vacated.
15         Ground 14
16         This ground claims that appellate counsel was ineffective for failing to claim on direct
17 appeal that the state failed to prove all elements of assault with a deadly weapon beyond a reasonable
18 doubt where there was no evidence offered to show the "distance in inches or feet [between] the
19 perpetrator and victim Stanley Turner."  Petitioner claims the state failed to prove at trial that he was
20 close enough to Turner to commit an injury.
21         The trial record provides Turner's testimony which belies this claim.  *See* Exhibit 58,
22 pp. 45-47.  Moreover, there is no element in the crime of assault with a deadly weapon which
23 requires a showing of some particular proximity between the victim and the perpetrator.  *See* NRS
24 200.471.  This claim was properly denied by the Nevada Supreme Court which noted Turner's
25 testimony, finding it indicated that petitioner was close enough to touch Turner.  Exhibit 112, p. 20.
26

Thus, petitioner cannot show that the outcome of his appeal would have been different had this claim been raised. Petitioner has failed to demonstrate that the Nevada Supreme Court's determination was improper under 28 U.S.C. § 2254 and this Court will not grant relief absent such a showing.

### Ground 17

This ground has been dismissed as conclusory and will not be discussed further here.

### Ground 20

Here, petitioner claims his appellate counsel was ineffective for failing to claim on direct appeal that he was improperly denied his right to argue his theory of defense and was not permitted to read various criminal statutes or discuss the complaint or the evidence presented during his closing arguments.

This claim is belied by the record. *See generally*, Exhibit 60 pp. 27-37. In his closing argument, petitioner advised the jury to follow the law and the jury instructions *Id.*, at 27-28. He told the jury that the complaint was inadequate and he discussed the testimony of the witnesses. *Id.* Petitioner discussed the definition of a deadly weapon and argued his knife did not fit that description. Petitioner spoke of his limited ability to put on evidence and referred to purported threats to keep his mouth shut. *Id.* at 32. Petitioner spoke of judicial bias and asked for a fair trial. On the State's objection, the trial court advised petitioner that he would not be allowed to read case law into his argument, but was limited to argue the jury instructions. *Id.*, at 35.

Respondents note that Nevada law limits a defendant's ability to argue legal theories to a jury when those theories have not been the subject of jury instructions. *Lloyd v. State,* 94 Nev. 167, 169, 576 P.2d 740, 741 (1978). They also contend that there is no federal constitutional requirement that defendants be allowed to argue specific case law in closing. Petitioner does not demonstrate that the outcome of his trial, or of his appeal, would have been different had he been allowed to read or discuss particular case law during his closing arguments. He was given broad leeway to make the arguments that he did and this claim lacks merit, as the Nevada Supreme Court

rightfully concluded. Exhibit 112, pp. 12-13. Ground 20 shall be denied.

### Ground 26

In this ground for relief, petitioner complains that appellate counsel was ineffective for refusing to argue on appeal that Ms. Crisman was not in the company of Estabillo and Turner as this fact relates to the charge of robbery as defined by NRS 200.380.

This claim, too, is belied by the record. Counsel on appeal did argue that the robbery with the deadly weapon conviction should be reversed because Turner and Estabillo were not in the presence of the victim at the time of the robbery. *See* Exhibit 86, pp. 17-18. Ground 26 is without merit and shall be denied.

### Ground 32

Ground 32 contends that petitioner received ineffective assistance of appellate counsel for not raising a claim on direct appeal that petitioner was denied the right to read various Nevada criminal statutes to the jury during his opening statements.

Opening statements are reserved for counsel to inform the jury of what the evidence will show at trial, not to argue the law. *Best v. District of Columbia,* 291 U.S. 422, 415, 54 S.Ct. 487, 489 (1934); *United States v. Zielie,* 734 F.2d 1447 (11th Cir. 1984). The Nevada Supreme Court's decision on this claim was not contrary to or an objectively unreasonable application of clearly established federal law. Petitioner is not entitled to relief on this ground.

### Grounds 34 and 36[4]

In Grounds 34 and 36, petitioner claims his constitutional rights guaranteed by the Fifth and Fourteenth Amendments were denied where the trial court's *Faretta* canvass did not advise petitioner of the "dangers, disadvantages and consequences of self-representation," and where the Nevada Supreme Court never made a specific finding that the canvass was adequate and the waiver

---

[4] These claims are identical except that ground 34 cites the Fifth Amendment and 36 cites the Fourteenth Amendment.

of counsel was knowing, voluntary and intelligent.

*Faretta v. California,* provides that a criminal defendant has the right to represent himself so long as his waiver of the right to representation by counsel is made knowingly, voluntarily, and intelligently. 422 U.S. 806, 831, 95 S.Ct. 2525, 2540-41 (1975); *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019 (1938). A defendant must be informed of the right to counsel, as well as the range of punishments and potential dangers and disadvantages of self-representation. *Iowa v. Tovar,* 541 U.S. 77, 88, 124 S.Ct. 1379, 1387 (2004).

In the instant case, petitioner was actually canvassed by the court two times; once fairly early in the proceedings and again later, after questions related to petitioner's competency arose and were adequately addressed. *See* Exhibits 12 and 54. On direct appeal, the Nevada Supreme Court gave this issue extensive consideration, outlining the procedural history and the applicable law, both state and federal, in significant detail. Exhibit 96, pp. 14-20. The court recognized the need for a pro se defendant to be competent and for the waiver of counsel to be knowing, voluntary and intelligent. As in *Iowa v. Tovar,* the Nevada Supreme Court rejected "the necessity for a mechanical performance of a *Faretta* canvass." *Id.* at 16; 541 U.S. at 89-90, 124 S.Ct. at 1388-90. The court concluded

> the record demonstrates that the district court conducted a specific, penetrating and comprehensive *Faretta* canvass. Furthermore the record supports that Hymon was competent to waive his right to counsel and that his waiver was knowing, voluntary and intelligent.

Exhibit 96, pp. 19-20.

It is the petitioner's burden to prove that the waiver of counsel was not knowing and intelligent. *Iowa v. Torar* 541 U.S. at 92, 124 S.Ct. at 1389. He has not met that burden here. The Nevada Supreme Court's determination of the facts was reasonable given the record before it. It's application of federal law was objectively reasonable. Petitioner is not entitled to relief on these grounds.

### Ground 38

Ground 38 claims that appellate counsel was ineffective for failing to raise on appeal a claim that petitioner's right to a theory of defense was violated where the court would not allow petitioner to call "reliable witnesses of the Nevada Bar Association. . .." including several public figures and various court personnel who would testify about various legal theories and concepts including double jeopardy, the elements of a criminal complaint, the Nevada Revised Statutes, impeachment of witnesses and the inherently dangerous weapon test.

At a pretrial hearing on the status of representation and trial preparation, petitioner sought leave to subpoena various local, publicly known attorneys and other court staff to testify on the subjects listed in this ground for relief in order "to prove to the jury that the State violated [his] constitutional rights. Exhibit 54, p. 8. The court denied petitioner leave to issue the subpoenas, having determined that the testimony would not be relevant to any legally tenable defense at trial, explaining that such claims were more appropriate for appeal or collateral review. Exhibit 54, p. 13-15, 19-20.

In considering the claim, the Nevada Supreme Court stated:

> Fourteenth, appellant claimed appellate counsel was ineffective for failing to argue that the district court erred and showed bias by refusing to let him call two attorneys to the stand to "help marshall [sic] the law to the jury of the case." We disagree. It is the court's province to instruct the jurors on the law. Accordingly, we conclude the district court did not err in rejecting this claim.

Exhibit 112, p. 15.

This determination is not improper in the context of 28 U.S.C. § 2254. There is no evidence that the court misapplied federal law or that its factual findings were unreasonable. Ground 38 must be denied.

### Ground 41

Ground 41 claims that appellate counsel was ineffective for not claiming that the trial
15

court was biased and violated petitioner's rights in allowing the State to file a Third and Fourth Amended Information or failed to rule to allow the filing and that the court participated in ex parte communications with the district attorney. It is unclear from the face of the petition what issue petitioner had with the Amended Informations or why he believed they were improper. Petitioner offers no facts or arguments to this Court showing any prejudice that arose from the filing of these amended charging documents. This claim is, therefore, conclusory and does not warrant further review. Rules Governing Habeas Petitions, Rule 4. In addition, the Court also finds that the Nevada Supreme Court's determination of the claim was reasonable when it held the that the addition of the deadly weapon enhancement removed from the Third Amended Information and then added back in in the Fourth Amended Information was not prejudicial because the Fourth Amended Information was identical to the Second Amended Information, giving petition notice of the State's intent well before trial. *See* Exhibit 112, p. 15.

This claim is conclusory and lacks merit. Petitioner has failed to meet his burden to show the state court's determination was wrong under 28 U.S.C. § 2254.

## III.   Conclusion

As claimed in Ground 8, petitioner received ineffective assistance of appellate counsel where counsel failed to bring a Double Jeopardy claim on direct appeal. Petitioner was subject to Double Jeopardy when the State charged and the jury convicted him of both robbery with the use of a deadly weapon, a violation of NRS 200.380 and 193.165, and assault with a deadly weapon, a violation of NRS 200.471 and 193.165. The assault charge is a less-included charge of robbery. Had counsel brought the claim to the Nevada Supreme Court, it would have changed the outcome. The conviction as to Count V of the Fourth Amended Information shall be overturned and the sentence vacated. Petitioner is not entitled to relief on any other ground and the petition shall be denied in all other respects.

## IV.   Certificate of Appealability

Should petitioner wish to appeal this decision, he must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Motion to File Pleading in Excess of Thirty Pages (ECF No. 25) is **GRANTED.**

**IT IS FURTHER ORDERED** that Ground 17 and Ground 41 are **DISMISSED WITH PREJUDICE AS CONCLUSORY.**

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is **GRANTED as to Ground 8** and is **DENIED** as to the remaining grounds, including Ground 41, which are meritless. The conviction for Assault with the Use of a Deadly Weapon, is hereby **OVERTURNED** and the sentence is hereby **VACATED.** The matter is remanded to the Eighth

1  Judicial District Court for the sole purpose of entering a Second Amended Judgment of Conviction
2  evidencing conviction and sentences only as to Counts II, Robbery with the Use of a Deadly
3  Weapon, and Count III, Larceny From the Person.
4          **IT IS THEREFORE ORDERED** that a Certificate of Appealability shall not issue.
5          The Clerk shall enter judgment accordingly.
6      Dated this 15th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE