UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RODERICK HYMON, | |
| Petitioner, | 2:09-cv-1124-RLH-LRL |
| vs. | **ORDER** |
| BRIAN WILLIAMS, *et al.*, | |
| Respondents. | |

This is an action on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, brought by petitioner Roderick Hymon, appearing *pro se*. Before the court is respondents' Motion for Reconsideration (ECF No. 38.)

Respondents ask the Court to reconsider its order and judgment granting petitioner relief as to Ground 8 of his petition for writ of habeas corpus. They argue that the Court has committed clear error.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment

1  shall be filed no later than 28 days after entry of the judgment." Further, a motion under Fed. R. Civ.
2  P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is
3  presented with newly discovered evidence, committed clear error, or if there is an intervening change
4  in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v.*
5  *Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

6  Ground 8 of the petition argued that appellate counsel was ineffective for failing to
7  raise a claim on direct appeal that the trial court erred in denying petitioner a lesser included jury
8  instruction as to the charges of Robbery With the Use of a Deadly Weapon and Assault With a
9  Deadly Weapon. Concluding that the conviction on both charges violated Double Jeopardy under
10 the circumstances established by the factual findings of the Nevada Supreme Court, this Court
11 granted relief as to that claim and ordered the conviction for the Assault With a Deadly Weapon be
12 overturned and the sentence vacated.[1]

13 Respondents "disagree with this Court's finding" and argue that the double jeopardy
14 issue of cumulative punishments raised in Ground 8 should be decided otherwise, relying on *Ohio v.*
15 *Johnson,* 467 U.S. 494 (1984) which holds that the issue of whether one crime is a lesser included of
16 another crime is a question of legislative intent. *Id.,* at 498; *see also Missouri v. Hunter,* 459 U.S.
17 359, 366-368, 103 S.Ct. 673, 678-679 (1983). They contend that the Nevada Supreme Court has
18 determined the legislative intent of the criminal statutes involved, concluding that Assault With a
19 Deadly Weapon is a separate crime unrelated to Robbery With the Use of a Deadly Weapon. *See*
20 *State v. Feinzilber,* 76 Nev. 142, 148, 350 P.2d 399, 402-03 (1960). However, the facts of *Feinzilber*
21 are distinguishable from those in the instant case and were determined to apply specifically to the

---

[1] The legal standard applied by the Court was developed in *Albernaz v. United States,* 450 U.S. 333, 339, 101 S.Ct 1137, 1142 (1981) and *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182 (1932), which hold that one offense is different from another if each requires proof of a fact that the other does not. *Albernaz v. United States,* 450 U.S. 333, 339, 101 S.Ct 1137, 1142 (1981); *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182 (1932). This test is one of statutory construction. *Albernaz, supra.*, at 340, 101 S.Ct. , at 1143.

1  facts in that case. *Id.* 76 Nev. 148 ("[W]e are of the opinion that the *particular circumstances* justify
2  the conclusion that the beating, which was administered to the victim with the firearm after all the
3  elements of the crime of robbery were complete, was a separate offense...") (emphasis added).
4        In the instant case, as the Order entered on February 15, 2011 clearly indicated, the
5  acts constituting the assault with the deadly weapon against Turner were the same acts that
6  constituted the threat of force which made the theft a robbery from Turner.  All of the elements of
7  the crime of assault with a deadly weapon are included within the elements of the crime of robbery
8  with the use of a deadly weapon.  And, despite respondents' argument to the contrary, it was the
9  Nevada Supreme Court which concluded that Turner was the victim of the robbery, and of the
10 assault. *See* Exhibit 112, p.19.
11       Reconsideration will be denied as respondents have not shown this Court's decision
12 to be clear error.
13       **IT IS THEREFORE ORDERED** that respondents' Motion For Reconsideration
14 (ECF No. 38) is **DENIED**.
15       Dated this 6th day of May, 2010.

_____
UNITED STATES DISTRICT JUDGE